IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| PAUL THAYIL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SIMON COWELL, ET AL., )<br>)<br>Defendants. ) | Case No. 10-3200-CV-S-REL |

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE
### TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
### AND MOTION TO STRIKE

Defendants Sony Music Entertainment, Simon Fuller, 19 Entertainment and CKX, Inc. Simon Cowell and Nigel Lythgoe (collectively, "Defendants") hereby move the Court to dismiss the Complaint of Paul Thayil ("Plaintiff" or "Thayil") for Failure to State a Claim Upon Which Relief Can be Granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and To Strike Immaterial Matter, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In support hereof, Defendants have concurrently filed their Suggestions in Support of Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Graned, and to Strike Immaterial Matter. In sum:

1. The Plaintiff's copyright claims must be dismissed, because Plaintiff has not complied with the requirement to register claims prior to bringing an infringement suit, and because Plaintiff has not alleged facts sufficient to establish the elements of a copyright claim, namely, access, originality, or substantial similarity.

2. The Plaintiff's remaining claims (or references to causes of action) must be dismissed because the Plaintiff has not alleged facts sufficient to support those claims, and those claims are preempted by the Copyright Act.

3. The Plaintiff's reference to and claim for punitive damages must be stricken, as punitive damages are not available in copyright cases.

4. The Plaintiff's claims should be dismissed with prejudice, as the Plaintiff can allege no set of facts that would entitle him to relief.

WHEREFORE, for the reasons set forth herein, and in the Suggestions in Support, the Defendants' hereby request that this Court dismiss the Complaint in its entirety, with prejudice, that the Plaintiff take nothing for his Complaint, that the Court award Defendants their attorneys' fees and costs incurred in this case, and for such other and further relief as the Court deems appropriate.

SONNENSCHEIN NATH & ROSENTHAL LLP

__/s/_Andrea Kimball _____
Andrea M. Kimball      MO Bar # 61316
Rebecca S. Stroder      MO Bar # 51203
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
(816) 460-2400; (816) 531-7545 (fax)
akimball@sonnenschein.com
rstroder@sonnenschein.com

ATTORNEYS FOR DEFENDANTS SONY
MUSIC ENTERTAINMENT, SIMON FULLER,
SIMON COWELL, NIGEL LYTHGOE, 19
ENTERTAINMENT AND CKX, INC.

## Certificate of Service

I hereby certify on this 29th day of June, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I deposited a copy of the foregoing document with the United States Postal Service, first-class postage prepaid to:

Paul Thayil
2020 E. Kerr St., Apt. C-109
Springfield, MO 65803
Plaintiff

    /s/ Rebecca Stroder
Attorneys for Defendants SONY Music Entertainment, Simon Fuller, Simon Cowell, Nigel Lythgoe, 19 Entertainment, and CKX, Inc.