IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| PAUL THAYIL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-3200-CV-S-REL |
| ) | |
| SIMON COWELL, ET AL., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT 19 ENTERTAINMENT'S RESPONSE TO PLAINTIFF'S MOTION/REQUEST FOR DEFAULT JUDGMENT

Plaintiff filed a Request for Default Judgment (the "Motion") on June 30, in which he alleges that Defendant 19 Entertainment failed to timely respond to Plaintiff's Complaint. 19 Entertainment, however, was never properly served with the Complaint, and therefore had no obligation to file a responsive pleading or otherwise appear in this case at all.[1] Accordingly, the Plaintiff's Motion is misplaced, and should be denied.

1. The Plaintiff filed his Complaint on May 21, 2010. In the Motion, he claims that he "served" 19 Entertainment by sending a copy of the Complaint and summons to 19 Entertainment, "Certified Mail Return Receipt Requested." (*See* Motion ¶ 2).

2. The Plaintiff further alleges that 19 Entertainment's responsive pleading was due on June 21. (*See* Motion ¶ 7).

---

[1] 19 Entertainment, along with Defendants SONY Music Entertainment, CKX, Inc., Simon Cowell, Simon Fuller and Nigel Lythgoe, filed a Motion to Dismiss/Strike on June 28, 2010, despite the fact that none of those Defendants were properly served.
20000777\0018\21443777\V-1

3. The "service" described by Plaintiff does not comply with Rule 4(h)(1) of the Federal Rules of Civil Procedure, which provides two methods for effecting service upon a corporation. A plaintiff can personally deliver a copy of the summons and complaint to an officer, managing agent, general agent or any other agent authorized to receive service of process or, if the agent is authorized by statute and the statute so requires, the plaintiff can mail a copy of the summons and complaint to the defendant. Fed. R. Civ. P. 4(h)(1)(B). Plaintiff's certified mailing does not satisfy this personal delivery requirement. *Rice v. Samuel Rodgers Health Ctr.*, No. 05-0114-CV-W-SWH, 2005 WL 1278527, at *1-2 (W.D. Mo. May 26, 2005) (*pro se* plaintiff who sent summons and complaint to defendant corporation by certified mail failed to properly serve defendant corporation under Rule 4).

4. A plaintiff can also serve a corporation under Rule 4(h)(1) in the same manner as serving an individual under Rule (4)(e)(1). Rule 4(e)(1) provides that service may be properly effected by following the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Thus, Plaintiff could follow Missouri or New York law governing service of a summons.[2] The Plaintiff has not, however, complied with either state's law for service of a summons.

5. Missouri Rule of Civil Procedure 54.09 governs service upon foreign corporations. That rule provides that service of process may be made as provided in Rule 54.14, which requires service "[b]y a person authorized by law to serve process in civil actions within the state or territory where such service is made, or by the deputy of a person so authorized," or "by a person appointed by the court in which the action is pending." Mo. R. Civ. P. 54.14(a).

---

[2] 19 Entertainment is located in New York.

Rule 54.14 further provides that the method of service must comply with Rule 54.13, which in turn requires, *inter alia*, that service upon a corporation must be made by "delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process." Mo. R. Civ. P. 54.14(b); Mo. R. Civ. P. 54.13(b). New York has a similar provision, allowing personal service upon an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. N. Y. Civil Procedure Laws and Rules ("N.Y.C.P.L.R.") § 311. The mere mailing of a copy of the summons and complaint addressed to "19 Entertainment" by certified mail, does not constitute proper service under Missouri Rule of Civil Procedure 54.14 *or* New York's C.P.L.R. § 311.

6. Plaintiff also did not include an acknowledgement of service form or a return postage paid envelope as envisioned by Mo. R. Civ. P. 54.16 or N.Y.C.P.L.R.§ 312(a). *See Manalansan-Lord v. Direct Loan Servicing Ctr.*, No. 4:08cv0676 TCM, 2008 WL 4693410, at *2-3 (E.D. Mo. Oct. 22, 2008); *Klein v. Educational Loan Servicing LLC*, 71 A.D.3d 957, 958, 897 N.Y.S.2d 220, 221-222 (2d Dep't 2010) (dismissing complaint because service upon corporation was improper where plaintiff presented no evidence that mailed summons and complaint was sent with statement of service by mail and acknowledgement of receipt and that same were returned).

7. Accordingly, the Plaintiff's attempted service of 19 Entertainment was not effective, and 19 Entertainment had no obligation to respond to the Complaint at all, much less by June 21.

8. Even if the Plaintiff properly served 19 Entertainment (he did not), default is not appropriate here. "The entry of default judgment is not favored by the law, and should be a rare judicial act. … A court abuses its discretion if it enters default judgment for a marginal failure to comply with time requirements." *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993) (citations omitted). In *Harre*, the defendant responded to a complaint twelve days late, and the district court entered default judgment. The Eighth Circuit reversed, holding that the district court's entering default judgment based on a twelve-day delay in filing a responsive pleading constituted abuse of discretion. *Id.* Similarly, entering a default against 19 Entertainment in this case would be improper, because even if 19 Entertainment had been properly served, it responded in full to the Complaint on June 28, only seven days after the date the Plaintiff alleges a responsive pleading was "due." This is even less than the twelve-day "marginal" time delay which the Eighth Circuit has already held did not justify entry of default judgment.

9. Accordingly, the Motion should be denied, either because (a) 19 Entertainment was never properly served, or (b) if 19 Entertainment was properly served, its seven-day delay in responding to the Complaint was only a "marginal time delay" that does not justify entry of default judgment.

WHEREFORE, for the reasons set forth herein, 19 Entertainment respectfully requests that this Court deny the Plaintiff's Motion, that the Court award 19 Entertainment its attorneys' fees and costs incurred in responding to the Motion, and award such other and further relief as the Court deems appropriate.

          SONNENSCHEIN NATH & ROSENTHAL LLP

          __/s/_Andrea Kimball _____
          Andrea M. Kimball     MO Bar # 61316
          Rebecca S. Stroder     MO Bar # 51203
          4520 Main Street, Suite 1100
          Kansas City, Missouri 64111
          (816) 460-2400; (816) 531-7545 (fax)
          akimball@sonnenschein.com
          rstroder@sonnenschein.com

          ATTORNEYS FOR DEFENDANTS SONY
          MUSIC ENTERTAINMENT, SIMON FULLER,
          SIMON COWELL, NIGEL LYTHGOE, 19
          ENTERTAINMENT AND CKX, INC.

Certificate of Service

I hereby certify on this 16th day of July, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I deposited a copy of the foregoing document with the United States Postal Service, first-class postage prepaid to:

Paul Thayil
2020 E. Kerr St., Apt. C-109
Springfield, MO 65803
Plaintiff

/s/ Rebecca Stroder
Attorneys for Defendant 19 Entertainment