IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL THAYIL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 10-3200-CV-S-RED |
| SIMON COWELL, ET AL., | § § § | |
| Defendants. | § | |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT EMI ENTERTAINMENT WORLD INC.S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), (3), (5) AND (6), WITH SUGGESTIONS IN SUPPORT

NOW COMES Paul Thayil, Plaintiff, to file this Plaintiff's Motion to Strike Defendant EMI Entertainment World Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5) and (6), With Suggestions in Support and would show the Court the following, to wit:

The legal basis for this motion by Plaintiff is that Defendant's attorney's signature block does not comply with Rule 11 of the Federal Rules of Civil Procedure and the United States Supreme Court decision of <u>Pavelic & LeFlore v. Marvel Entertainment Group</u>, supra. Plaintiff's motion is supported by court rules and protocols regarding proper format of electronic filing of signature by attorneys. [Local Rule 9.1 (g) shows the form.] Specifically, an example of a signature block which complies with Rule 11 of the Federal Rules of Civil Procedure and local rule is:

>/s/ John Doe
>John Doe
>Bar number 12345
>123 Main Street
>Dallas, Texas 75021
>email@johndoelawfirm.com

1

Tel. 123-456-1234
Fax 123-234-4567

A business entity (i.e. law firm) cannot represent the Defendant. [See page 22 of Defendant EMI Entertainment World Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5) and (6), With Suggestions in Support (Document 15)]. Only licensed attorneys are able to represent Defendants. The business entity and firm of Pryor Cashman LLP cannot be licensed to represent anyone as the attorney of record. The fact that the undersigned is a licensed attorney does not correct the illegal and improper lack of standing and authority.

Again, the signature block verifies that the law firm is illegally attempting to represent the Defendant. Their motion to dismiss the pleading has in the signature block the proof of the wrongly alleged real attorney of record for the defendant, i.e., the first name in the signature block is "PRYOR CASHMAN LLP" which means that this law firm is the artificial person that is responsible for the above-referenced pleading which was drafted and filed with this Honorable Court. Pryor Cashman LLP an artificial person that cannot speak or write. Thus, some natural person must sign for the firm; therefore, Ilene S. Farkas or M. Mona Simonian or some other person must sign in behalf of the firm.

Even though outside of the real world of legal pleadings and the court, many uninformed people refer to "the firm" as representing some person which is not proper and lawful. Even though this technicality goes unnoticed or unmentioned and it is not an often challenged position, custom and usage is not the law concerning this issue. Defendant's Motion to Dismiss (Document 15) must be stricken from the record of the

2

Case 6:10-cv-03200-RED   Document 28   Filed 07/21/10   Page 2 of 6

case and court since said Defendant is erroneously using the professional corporation as the attorney of record representing the said Defendant in the signature block.

If Ilene S. Farkas and/or M. Mona Simonian want to represent the Defendant, then the signature block on their pleadings should be as below by law:

/s/ Ilene S. Farkas or /s/ M. Mona Simonian
Ilene S. Farkas (*pro hac vice* pending)
Bar number
M. Mona Simonian (*pro hac vice* pending)
Bar number
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 326-0806

This signature block clearly defines the individual accepting responsibility for and certifying that to the best of his or her knowledge, information and belief that the document is in compliance with Federal Rules of Civil Procedure 11 (b)(1)(2)(3)(4). The Supreme Court has held that the "duty imposed by Rule 11 is non-delegable and that a signature on a firm's behalf would not satisfy the Rule. <u>Pavelic</u>, 110 S.Ct. 456 at 459-50.

However, the signature block used in Defendant's pleading reads:

PRYOR CASHMAN LLP
/s/ Ilene S. Farkas or /s/ M. Mona Simonian
Ilene S. Farkas (*pro hac vice* pending)
Bar number
M. Mona Simonian (*pro hac vice* pending)
Bar number
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 326-0806

ATTORNEYS FOR DEFENDANT
EMI ENTERTAINMENT WORLD, INC.

3

This signature block clearly is signed and submitted "by" Ilene S. Farkas and M. Mona Simonian on behalf of PRYOR CASHMAN. The duty imposed by Rule 11 is non-delegable and a signature on a firm's behalf does not satisfy the Rule. Pavelic & LeFlore v. Marvel Entertainment Group, supra.

> 'The simple response is that signature on behalf of the firm was not a signature that could comply with the first sentence of the Rule, and not a signature to which the later portions of the Rule, and not a signature to which the later portions of the Rule attach consequences. Rule 11 says that papers must be signed "by at least one attorney of record *in the attorney's individual name.* (Emphasis added.) Even if...signature in the fashion indicated had the effect of making the firm and all its partners (including himself) attorneys of record, it is only his signature *in his individual name* that satisfies the first sentence of the Rule. attach consequences. Rule 11 says that the papers must be signed "by at least one attorney of record in the attorney's individual name."'

It has long been thought the better practice for the attorney complying with Rule 11 not to sign *for* his firm, but to sign in his individual name and on his own behalf, with the name of the firm beneath. See Gavitt, The New Federal Rules and State Procedure, 25 A.B.A.J. 367, 371 (1939). Under Rule 11, "the practice for pleadings to be signed in the name of a partnership is "undesirable" and "improper". Pavelic & LeFlore v. Marvel Entertainment Group, supra. (Under Rule 11, "the practice for pleadings to be signed in the name of a partnership is "undesirable" and "improper"). Pavelice & LeFlore v. Marvel Entertainment Group, supra.

Specifically, Pavelic teaches that signature by an attorney on behalf of a law firm does not satisfy Rule 11 requirements. If the signature requirement is not satisfied, the pleading is unsigned. When the pleading is unsigned, we must refer to Rule 11 (a) to find that the court must strike an unsigned paper unless the omission is promptly corrected after being called to the attention of the attorney. Rather than promptly correcting the violation, Defendants' lawyer and law firm he represents have chosen to frivolously and

4

without a sound basis in fact or law, waste the Plaintiff's and the Court's time answering Plaintiff's Original Complaint. Therefore, because there is no answer, this places Defendant in default by not properly answering the Complaint within the time frame allotted by statute. Again, the signature block used by Defendant's lawyers and law firm fail to satisfy Rule 11(a) requirements for the attorney's signature. Defendant's attorneys' law firm cannot sign the pleading.

In conclusion, a signature on behalf of a law firm does not satisfy the signature requirements of Rule 11(a), and Plaintiff respectfully requests the Court to deny and strike *Defendant EMI Entertainment World Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5) and (6), With Suggestions in Support* and GRANT *Plaintiff's Motion to Strike Defendant EMI Entertainment World Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5) and (6), With Suggestions in Support* be GRANTED.

Respectfully submitted this 21st day of July, 2010.

*/s/ Paul Thayil*
Paul Thayil, Pro Se
2020 E. Kerr St., Apt. C-109
Springfield, Missouri 65803
(417) 619-1792

## VERIFICATION

IT IS HEREBY Verified that under the penalties of perjury that the foregoing Plaintiff's Motion to Strike Defendant EMI Entertainment World Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5) and (6), With Suggestions in Support is true and correct to the best of my knowledge and belief.

Witness my hand and seal this 21st day of July, 2010.

_____
Paul Thayil

## CERTIFICATE OF SERVICE

IT IS HEREBY Certified that a copy of the foregoing Plaintiff's Motion to Strike Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted and Motion to Strike was mailed by first-class mail to the party listed below on this 21st day of July, 2010.

_____
Paul Thayil

Richard F. Lombardo
Erin E. Clark
SHAFFER LOMBARDO SHURIN
911 Main Street, Suite 2000
Kansas City, Missouri 64105

Ilene S. Farkas
M. Mona Simonian
PRYOR CASHMAN LLP
7 Time Square
New York, New York 10036