IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Paul Thayil, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 10-3200-CV-S-RED |
| | ) | |
| v. | ) | |
| | ) | |
| Simon Cowell, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EMI ENTERTAINMENT WORLD INC.'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), (3), (5) AND (6)**

COMES NOW defendant EMI Entertainment World Inc. ("EMI"), by its attorneys Pryor Cashman LLP and Shaffer Lombardo Shurin, and submits the following reply suggestions in support of its motion to dismiss the Complaint herein pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) (Doc. No. 15).

**I.    THIS COURT LACKS PERSONAL JURISDICTION OVER EMI**

It is well settled that Plaintiff has the burden of proving that personal jurisdiction exists over EMI in this forum. *Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996); *Walker v. Invention Mktg., Inc.*, 647 F. Supp. 24, 26 (W.D. Mo. 1986). Plaintiff must come forward with "some evidence upon which a prima facie showing of jurisdiction may be found to exist." *Aaron Ferer & Sons Co. v. Diversified Metals Corp.,* 564 F.2d 1211, 1215 (8th Cir. 1977); *Walker,* 647 F. Supp. at 26.

Here, EMI has demonstrated that jurisdiction cannot be found over it (or any other EMI music publishing entity) under this forum state's long-arm statute. EMI demonstrated that EMI

has no offices in Missouri. It has no employees in Missouri. It has never conducted business or solicited business in Missouri. It is not registered to do business in Missouri and does not have a registered agent to accept service of process in Missouri. (*See generally* Dallas Decl., ¶¶3-6; Exh. A). Plaintiff's claims do not arise in any way from EMI's (nonexistent) contacts with the forum. Given the foregoing, litigating in Missouri would be particularly inconvenient to EMI and be inconsistent with Missouri's long-arm statute. (Dallas Decl., ¶7).

In opposition to EMI's motion to dismiss, Plaintiff has done nothing to meet his burden. In fact, Plaintiff has not come forward with a single factual allegation that ties any EMI music publishing entity to any of Plaintiff's claims. Nor does the Complaint allege any facts to support the exercise of personal jurisdiction over EMI. As demonstrated in the moving Declaration of Stephen Dallas, EMI has not engaged in any such activity. (Dallas Decl. at ¶¶3-6). Accordingly, Plaintiff has conceded that there is no basis for exercising jurisdiction over EMI under Missouri Rev. Stat. §506.500.

EMI also demonstrated that the exercise of personal jurisdiction over EMI violates the due process clause of the Fourteenth Amendment. *Burlington Indus.,* 97 F.3d at 1102; *Walker,* 647 F. Supp. at 26.[1] "Because due process focuses on the fundamental fairness of exercising jurisdiction over a nonresident defendant, 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Gould,* 957 F.2d at 575-76, (*quoting*, *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)); *Walker,* 647 F. Supp. at 27.

EMI demonstrated that it has not purposefully availed itself of the privileges of conducting business in Missouri or otherwise purposefully directed any activity towards the

---

[1] Only if both requirements are satisfied may a court exercise personal jurisdiction over a nonresident defendant. *Burlington Indus.*, 97 F.3d at 1102.

forum. It has no connection to Missouri, no connection to the Television Shows at issue and no connection to Plaintiff's claims. (Dallas Decl., ¶¶3-7).

Accordingly, Plaintiff has failed to meet his burden on this motion, and, by his failure to oppose EMI's motion, has in fact conceded that the exercise of jurisdiction over EMI in this forum would violate due process. Dismissal is therefore proper pursuant to Rule 12(b)(2).

## II. VENUE IS NOT PROPER IN THIS DISTRICT

Plaintiff has also failed to submit any opposition whatsoever to EMI's motion to dismiss the Complaint pursuant to Rule 12(b)(3). In its moving papers, EMI demonstrated that venue is not proper under 28 U.S.C. §1391(b), which applies to this case. It is undisputed that all defendants, including EMI, reside in New York, New York. (Compl. at ¶¶3-9). Plaintiff does not allege that *any* part of the events giving rise to his claims occurred in Missouri, much less the "substantial part of the events" required by 28 U.S.C. §1391(b). Plaintiff's claims have no connection to this forum, and Plaintiff has made no attempt to allege any such connection in his opposition papers (because no such connection exists).

Moreover, Plaintiff concedes that there appears to be a judicial district in which the action may otherwise be brought – the Southern District of New York, and Plaintiff has not alleged that *any* defendant may be found in the Western District of Missouri. *See* 28 U.S.C. §1400. The lack of personal jurisdiction over EMI in this district is yet another reason that venue is improper here. Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(3).

## III. THE COMPLAINT SHOULD BE DISMISSED AS AGAINST EMI BASED ON INSUFFICIENT SERVICE OF PROCESS

EMI has demonstrated that service upon EMI was improper under any of the applicable Rules – Federal Rule 4(h)(1), 4(e)(1), Missouri Rule of Civil Procedure 54.09, 54.13, 54.14 or N.Y. Civil Procedure Laws and Rules § 311. Plaintiff has not come forward with any facts or

authority demonstrating that service was proper, or otherwise opposed EMI's motion on this ground. Accordingly, the Complaint should be dismissed as against EMI pursuant to Fed. R. Civ. P. 12(b)(5).

## IV. IN THE ALTERNATIVE, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

EMI has demonstrated that, in the event that this Court denies EMI's motion on the grounds set forth above (despite the lack of any opposition by Plaintiff), each and every claim in the Complaint should be dismissed because Plaintiff has not sufficiently alleged any claim against EMI. EMI set forth the recent Supreme Court precedent, which held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (while, generally on a motion to dismiss, all factual allegations in a complaint are taken as true, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (citation & quotations omitted).

In its moving papers, EMI demonstrated that each claim in the Complaint fails to state a claim against EMI. EMI also joined certain aspects of the remaining defendants' motion to dismiss [Dkt. # 17, 18, 27] filed on June 29, 2010. In response to both motions, Plaintiff has made no attempt whatsoever to demonstrate how his Complaint satisfies Rule 8's pleading requirements or how Plaintiff has stated any claim for relief against EMI. Plaintiff's response is that "Plaintiff's Original Complaint is not considered the trial. Defendant is wanting all of the evidence that would be presented at trial; however many of those factual allegations will be revealed through discovery." (Pl. Opp. at ¶2). Stated otherwise, Plaintiff has stated that he has filed a complaint in search of a claim, which he hopes will be found in discovery. He has not

filed a complaint which states a claim that he believes can be substantiated through discovery. The distinction between the two requires dismissal of the Complaint.

EMI's motion to dismiss (and the remaining defendants' motion) is not based on Plaintiff's failure to *prove* its claims against EMI. Rather, it is based on Plaintiff's failure to articulate or otherwise *plead* any facts which support any colorable claim against EMI. "Even a pro se complaint must allege facts, and not just bare, unsupported, legal conclusions." *Hahn v. Bauer,* 2010 WL 396228 (D. Minn. 2010) (citing, *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985 and *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) ("[a]t the very least…the complaint must contain *facts* which state a claim as a matter of law and *must not be conclusory)* (emphasis added). As the Court stated in *Hahn:*

> Plaintiff [appearing *pro* se] asserts that he needs discovery in order to fully develop his failure-to-train claim. Plaintiff, however, fails to address the fact that his Complaint as pleaded is woefully deficient. Even before discovery commences, a plaintiff must state facts sufficient to support a claim in his complaint. Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The plaintiff must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 545. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citation omitted) (quoting *Twombly,* 550 U.S. at 555, 557.

There are no specific allegations as to how and when EMI received the "Marketing Plan," how EMI supposedly "used" the plan, what role EMI supposedly played with respect to the development, production or broadcast of each of the four Television Shows (it played no such role) or how any conduct of EMI renders it liable for any single one of the claims asserted by Plaintiff. Rather, the Complaint simply contains, at best, "label and conclusions" against all defendants collectively. Plaintiff has not even come close to satisfying the pleading requirements of Rule 8(a), as described by the Supreme Court in *Twombly,* or any of the pleading requirements

for each "claim" included in the Complaint. *Twombly,* 550 U.S. 554-55. *See* EMI Moving Papers at Point IV.B – IV.D.

Accordingly, the Complaint should be dismissed as against EMI. Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 12(b)(6).[2]

## V. PLAINTIFF'S "MOTION TO STRIKE" SHOULD BE DENIED

Plaintiff Thayil also filed an improper and wasteful "motion to strike" EMI's Motion to Dismiss, claiming that the signature block of EMI's motion papers failed to comply with Rule 11 of the Federal Rules of Civil Procedure. It appears, though it is not entirely clear, that Plaintiff is arguing that the inclusion of EMI's New York counsel, attorneys from Pryor Cashman LLP ("Pryor Cashman"), as the second counsel in the signature block, renders the filing improper.

To the extent Plaintiff's argument actually requires a response, there was nothing improper about the signature block on EMI's papers. EMI's papers were signed by an individual attorney, Richard F. Lombardo, of the law firm Shaffer Lombardo Shurin ("SLS"), who were the only attorneys admitted at the time the motion was filed, and their signature block complied with the local rules governing attorney signatures and included all necessary information for Mr.

---

[2] Perhaps in response to the defendants' motion to dismiss Plaintiff's copyright claim for failure to allege a valid registration exits for the "Marketing Plan," Plaintiff states that his "ideas and concepts originated in Australia" and that "original copyright documents to the United States Consulate General in Sydney, Australia were posted." (Pl. Opp. at ¶1). Of course, "ideas and concepts" are not copyrightable. To the extent that Plaintiff claims infringement of the written "Marketing Plan," the U.S. Copyright Act requires that a work be registered with the Copyright Office prior to filing suit for infringement of that work. 17 U.S.C. §411(a); *Action Tapes, Inc. v. Mattson,* 462 F.3d 1010, 1013 (8th Cir. 2006); *Hunters Friend Resort, Inc. v. Branson Tourism Ctr., LLC*, No. 09-3114-CCV-S-ODS, 2009 WL 2450281, at *2 (W.D. Mo. Aug. 10, 2009). Even though the Supreme Court recently decided that the registration requirement is not jurisdictional, the Court also expressly noted that its decision did not impact the Copyright Act's requirement that such a registration be obtained prior to filing suit and the Court's power to dismiss copyright claims for failure to comply with that statutory precondition. *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010); 17 U.S.C. §411(a). Plaintiff has not done so, and thus, in addition to the reasons set forth at length in EMI's moving papers – including the failure to identify any copyrightable, original, protectable elements of the "Marketing Plan" or a single act of EMI that could possibly be construed as an allegation that EMI copied any copyrightable element in a single one of the four Television Shows – Plaintiff's copyright claim should be dismissed.

Lombardo and SLS. The papers also listed Pryor Cashman and the two attorneys from that firm, Ilene S. Farkas and M. Mona Simonian as counsel for EMI, noting that their *pro hac vice* admission was still pending (it has since been granted). Such additional listing of counsel is common when submitting papers to inform the Court that counsel will be involved in the action once *pro hac vice* admission is granted (which, it was, shortly after the papers were submitted).

EMI's papers were properly submitted to this Court in compliance with Rule 11 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's improper "Motion to Strike" should be denied.

## CONCLUSION

EMI has demonstrated that there is no statutory or constitutional basis for exercising jurisdiction over it (or any other EMI music publishing entity) in this forum. Plaintiff did not oppose EMI's motion, much less meet his burden of demonstrating that jurisdiction over EMI is proper in this forum, as he is required to do on this motion. EMI also demonstrated that neither it nor any of the other EMI music publishing entities had anything to do with the development, production or broadcast of the Television Shows and that EMI had no connection to the Television Shows. In response, Plaintiff did not come forward with any facts, authority or anything else to provide a basis for a claim against EMI or to demonstrate how he had stated any claim for relief against EMI. In fact, Plaintiff did not oppose EMI's motion at all.

For the reasons set forth herein, and in EMI's moving papers, EMI respectfully requests that the Court issue an order: (1) dismissing the Complaint against EMI pursuant to Fed. R. Civ. P 12(b)(2), (3), (5) and (6); (2) deny Plaintiff's motion to "strike"; (3) awarding EMI its reasonable attorneys' fees and costs incurred in making this motion; and (4) awarding EMI such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Richard F. Lombardo_____

Richard F. Lombardo   #MO 29478
Erin E. Clark   #MO 62187
SHAFFER LOMBARDO SHURIN
911 Main Street, Suite 2000
Kansas City, Missouri  64105
(816) 931-0500
(816) 931-5775 – Facsimile
rlombardo@sls-law.com
eclark@sls-law.com

and

PRYOR CASHMAN LLP
Ilene S. Farkas (admitted *pro hac vice*)
M. Mona Simonian (admitted *pro hac vice*)
7 Times Square
New York, New York  10036
Tel.: (212) 421-4100
Fax: (212) 326-0806
ifarkas@pryorcashman.com
msimonian@pryorcashman.com

ATTORNEYS FOR DEFENDANT
EMI ENTERTAINMENT WORLD, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was, on this 2nd day of August, 2010, electronically filed with the Clerk of the Court, using the CM/ECF system, which sent electronic notification of this filing to the defendants and a copy was sent via U.S. Mail to the plaintiff, who is a non CM/ECF participant.

Paul Thayil
2020 E. Kerr Street, Apt. C-109
Springfield, MO 65803
PLAINTIFF

Sony Music Entertainment
550 Madison Ave
New York, New York 10011
DEFENDANT

CKX, Inc.
650 Madison Ave, 16th Floor
New York, NY 10011
DEFENDANT

19 Entertainment
595 Madison, 8th Floor
New York, NY 10022
DEFENDANT

Simon Cowell
550 Madison Ave
New York, NY 10022
DEFENDANT

Simon Fuller
595 Madison Ave, 8th Floor
New York, NY 10022
DEFENDANT

Nigel Lythgoe
595 Madison Ave, 8th Floor
New York, NY 10022
DEFENDANT

_/s/Richard F. Lombardo____
Attorney for Defendant
EMI Entertainment World, Inc.