IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| PAUL THAYIL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-3200-CV-S-REL |
| ) | |
| SIMON COWELL, ET AL., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND TO STRIKE

Plaintiff's response ("Response") to Defendants'[1] Motion to Dismiss for Failure to State a Claim, and Motion to Strike (the "Motion") does not address any of the issues raised in the Motion. Plaintiff makes no attempt to explain the deficiencies in his Complaint, he simply hints that he will present "evidence" "at trial." But to get to the point where one can collect evidence, through discovery, or proceed to trial, a plaintiff must articulate a legally cognizable claim. Plaintiff has not done so, and his Response does not assist his Complaint. Accordingly, the Court should grant the Motion and dismiss Plaintiff's Complaint in its entirety. Should Plaintiff's claims proceed, the Court should, at the very least, strike Plaintiff's claims for punitive damages.

1.  In his Response, Plaintiff discusses some "procedure" he allegedly followed in Australia that involved "posting" "original copyright documents" to the United States Consulate and obtaining "permission" from the Australian government to take his "marketing plan" outside the country. While it is unclear what this process entailed, what its purpose may have been, or

---

[1] This Reply, and the Motion, are submitted by Defendants SONY Music Entertainment, Simon Cowell, Simon Fuller, CKX, Inc., 19 Entertainment, and Nigel Lythgoe, herein referenced as the "Defendants."

how it is relevant to Plaintiff's claims, the fact remains that Plaintiff has not registered claims to copyright with the United States Copyright Office. Sending copies of works to a U.S. Consulate does not equate to copyright registration: the Consulates are under no obligation to forward copyright applications on to the U.S. Copyright Office, or even to acknowledge their receipt. If Plaintiff believed that by "posting" his "original copyright documents" to a U.S. Consulate, he thereby obtained a copyright registration, he is mistaken.

By Plaintiff's own admissions in his Complaint, his work is unpublished, and he is a habitual United States resident. That means that the registration requirement applies to him, and his copyright claims must be dismissed for failure to comply with that requirement. 17 U.S.C. § 411.

Beyond the registration requirement, however, and as outlined in the Motion, Plaintiff has failed to allege any facts that would show he can meet the other elements of a copyright infringement claim, namely, that Defendants had access to his work, and that Defendants' television programs are in any way similar, much less substantially similar, to Plaintiff's marketing plan.

2.  Plaintiff appears to believe that he can simply accuse Defendants of various violations and then proceed to discovery. Plaintiff is wrong. Even though the Federal Rules of Civil Procedure allow notice pleading, Plaintiff must still set forth enough facts to show that he is entitled to relief. As the Supreme Court recently held, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009) (citing Fed. Rule Civ. Proc. 8(a)(2)). Plaintiff has not stated any plausible claim for relief. Plaintiff has failed to allege the facts necessary to support a copyright infringement claim, and with respect to claims like racketeering, "equal protection," trade secret misappropriation, conversion, breach of fiduciary duty, "failure to attribute," "Lanham Act" and fraud, Plaintiff has

no hope of alleging facts that could support such claims (or that would survive preemption), even if he amends his Complaint. No matter how much one strains to interpret his Complaint, even given the liberal standard applied to *pro se* plaintiffs, and even if every factual allegation set forth in the Complaint is considered true, Plaintiff still has not met the minimal requirements necessary to state any plausible claim for relief. Accordingly, the Complaint should be dismissed.

3. Plaintiff misconstrues Defendants' Motion to Strike his claim for punitive damages. Defendants are well aware that Plaintiff seeks myriad types of recovery, as outlined in his Complaint. Specifically, however, punitive damages are not a measure of recovery allowed under the Copyright Act. Since Plaintiff's claims can essentially be boiled down to copyright infringement (because his other claims are either preempted, inapplicable, or not cognizable), Defendants merely seek clarification that Plaintiff is <u>not</u> entitled to punitive damages, even if he is allowed to proceed with his claims for other kinds of relief. A motion to strike under Rule 12(e) is the appropriate mechanism by which to dispense with damages claims to which Plaintiff is not entitled as a matter of law. *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572 (E.D. Mo. 1997). Whatever other measures of recovery may be available to Plaintiff, punitive damages are simply not among them. For that reason, if the Court allows any part of the Complaint to stand at all, the Court should strike Plaintiff's request for punitive damages.

WHEREFORE, for the reasons set forth herein, and in the Motion, Defendants respectfully request that this Court grant the Motion, dismiss Plaintiff's Complaint, award Defendants their attorneys' fees and costs incurred in responding to the Complaint, and award such other and further relief as the Court deems appropriate.

SONNENSCHEIN NATH & ROSENTHAL LLP

__/s/_ Andrea Kimball _____
Andrea M. Kimball    MO Bar # 61316
Rebecca S. Stroder   MO Bar # 51203
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
(816) 460-2400; (816) 531-7545 (fax)
akimball@sonnenschein.com
rstroder@sonnenschein.com

ATTORNEYS FOR DEFENDANTS SONY
MUSIC ENTERTAINMENT, SIMON FULLER,
SIMON COWELL, NIGEL LYTHGOE, 19
ENTERTAINMENT AND CKX, INC.

## Certificate of Service

I hereby certify on this 2nd day of August, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I deposited a copy of the foregoing document with the United States Postal Service, first-class postage prepaid to:

Paul Thayil
2020 E. Kerr St., Apt. C-109
Springfield, MO 65803
Plaintiff

/s/ Rebecca Stroder
Attorneys for Defendant 19 Entertainment