# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| PAUL THAYIL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-3200-CV-S-RED |
| SIMON COWELL, et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim upon which Relief can be Granted and Motion to Strike (Doc. 44) and Defendant EMI Entertainment World Inc.'s Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5) and 12(b)(6), with Suggestions in Support (Doc. 46) ("Motions to Dismiss").

## BACKGROUND

Plaintiff's First Amended Complaint ("Complaint") (Doc. 1) centers around a Marketing Plan Plaintiff Paul Thayil ("Plaintiff") alleges he created and owns. The Marketing Plan attached to the Complaint provides for a plan to create a television show. The show calls for "shy" dancers to submit tapes of themselves dancing to music. The tapes may then be selected to appear on the show and made available for sale. According to the Marketing Plan, the concept of the show is to be used in conjunction with a concept titled "Musicflow." Musicflow would allow musicians to perform at a concert, record and then sell a compact disc containing their music and participate with the show. Plaintiff alleges he provided the defendants with the Marketing Plan and even though the defendants indicated no interest in the plan, they used the plan to develop, produce and broadcast

the television shows American Idol, Dancing With The Stars, So You Think You Can Dance, and America's Got Talent.

Plaintiff, appearing *pro se*, filed this lawsuit against the defendants on May 21, 2010. Defendants Simon Cowell, Sony Music Entertainment, Simon Fuller, 19 Entertainment, CKX, Inc. and Nigel Lythgoe ("Defendants") are represented by Andrea Kimball and Rebecca Stroder. Defendant EMI Entertainment World Inc.[1] ("EMI") is represented by Richard Lombardo and other counsel with the firm Pryor Cashman, LLP. Counsel for Defendants and EMI both moved to have the case dismissed. In response, Plaintiff requested the Court allow him leave to amend his complaint which the Court granted. Plaintiff amended his complaint and counsel for Defendants and EMI filed their respective Motions to Dismiss that are presently before the Court. Defendants and EMI sought dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff failed to state any claim for which relief may be granted. Additionally, EMI further alleges lack of personal jurisdiction, improper venue and improper service. Defendants joined in EMI's Motion to Dismiss on the grounds that venue is improper. *See* Doc. 47. Plaintiff responded by filing a Motion to Strike (Doc. 49) and Motion to Strike Defendant's Motion to Dismiss (Doc. 50) in which he argued the Court should strike the Motions to Dismiss because the motions contain improper signature blocks. The Court denied Plaintiff's Motions to Strike and directed Plaintiff to respond to the merits of the Motions to Dismiss. Although Plaintiff responded, Plaintiff again fails to address the merits of the Motions to Dismiss. Plaintiff also renews his Motions to Strike.

---

[1] Plaintiff sued "EMI Music Publishing Company" which EMI insists does not exist. EMI Entertainment World Inc. performs "administrative services for the EMI-related publishing corporations" and as such, responded to Plaintiff's Complaint.

**DISCUSSION**

It is clear from the pleadings that this Court would not have personal jurisdiction over any defendant in this case. A plaintiff has the initial burden to make out a prima facie case demonstrating personal jurisdiction is conferred over a defendant pursuant to Missouri's long arm statute and that a defendant has " 'sufficient minimum contacts with Missouri to satisfy the requirements of due process.' " *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (quoting *Berry v. Berry (In re Marriage of Berry)*, 155 S.W.3d 838, 840 (Mo. Ct. App. 2005)). However, because Missouri's long arm statute applies to the extent allowed by the Due Process Clause, the analysis focuses on a defendant's minimum contacts. *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000). The facts set forth in the Complaint do not show any connection to Missouri exists in this case. Nothing in the Complaint demonstrates how any defendant has any contacts with the state of Missouri. The only possible connection to Missouri based on the facts alleged in the Complaint is the fact that the four television shows are broadcast in this state, and the Court agrees with the district court cases that have addressed this issue and found that a broadcast of a show by itself is insufficient to give rise to personal jurisdiction. *See Dash v. Mayweather*, No. 3:10-1036-JFA, 2010 WL 3420226, at *6 (D.S.C. Aug. 25, 2010); *Annie Oakley Enterprises, Inc. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881, 893 (N.D. Ind. 2010); *Friars Nat'l Ass'n v. 9900 Santa Monica, Inc.*, No. 04 Civ. 4520(PKC), 2005 WL 1026553, at *7 (S.D.N.Y. May 2, 2005).

However, another reason to dismiss this case is that venue is clearly improper in this district. To address this issue the Court turns to 28 U.S.C. § 1391. The Court must first look to the jurisdiction this Court is alleged to have over the case to determine which subsection under § 1391 controls. *See Id.* Plaintiff alleges this Court has subject matter jurisdiction over this case pursuant

3

to diversity jurisdiction and federal question jurisdiction. Therefore, venue is determined according to § 1391(b). § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id*.

In his Complaint Plaintiff notes that all defendants reside in New York. The Court again notes that none of the facts alleged in the Complaint demonstrate there is any connection to Missouri. Nothing suggests the Marketing Plan was created in Missouri or that the creation of the four television shows occurred in Missouri. It appears the only reason Plaintiff filed this case in the Western District of Missouri is due to the fact that Plaintiff resided in Missouri at the time he commenced this action.[2] If the Court were to find venue to be proper in this district the Court would essentially allow Defendants and EMI to be " 'haled into a remote district, having no real relationship to the dispute.' " *Richards v. Aramark Services, Inc.*, 108 F.3d. 925, 928 (8th Cir. 1997) (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). Therefore, the Court finds venue is improper in this district. With consideration given to the fact this case is in its early stages, Plaintiff is *pro se*, and there are serious issues raised as to whether Plaintiff will ever be able to state a viable cause of action against these defendants, rather than this Court attempting to pick and then assign this case to a different venue it is the decision of this Court to dismiss the case against all defendants without prejudice.

---

[2] Plaintiff now resides in Maumelle, Arkansas.

## CONCLUSION

For the reasons above, the above-captioned matter is dismissed as to all defendants without prejudice. Thus, Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim upon which Relief can be Granted (Doc. 44) and the Motion to Strike (Doc. 44) are denied as moot. Defendant EMI Entertainment World Inc.'s Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5) and 12(b)(6) (Doc. 46) and the Joinder of Defendants Sony Music Entertainment, Simon Fuller, 19 Entertainment, CKX, Inc., Simon Cowell and Nigel Lythgoe in Certain Sections of Defendant EMI's Motion to Dismiss (Doc. 47) are granted to the extent consistent with the reasons set forth above. To the extent Plaintiff attempts to renew his previously denied Motions to Strike, the Motions are denied. All other requests made by the parties in their respective motions and responses before the Court are denied. In consideration of Plaintiff's *pro se* status and this early dismissal, each party shall bear their own costs.

**IT IS SO ORDERED.**

DATED: January 25, 2011            */s/ Richard E. Dorr*
                                            RICHARD E. DORR, JUDGE
                                            UNITED STATES DISTRICT COURT